JEFF D. MCKNIGHT V. STATE.

No. 26,677. December 16, 1953.
Appellant's Rehearing Granted February 10, 1954.

*Allie L. Peyton,* Houston, for appellant.

*William H. Scott,* District Attorney, *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is possession of marijuana; the punishment, confinement in the penitentiary for two years.

Deputy Sheriff Bass testified that on September 19, 1951, he saw appellant driving an automobile with two companions, Clarence Hawkins and A. D. Eleby; that he arrived about the time Constable Busch stopped appellant and his companions and he approached the right-hand side while Mr. Busch went to the left-hand side of appellant's automobile; that when appellant and his companions were standing by the roadside, Thomas Hughes, a bystander, approached and told him, in the presence of appellant, that he had seen appellant throw a small brown package on the ground about two feet back from where he was standing; that Mr. Busch picked up this package and, upon investigation, found that it contained fifty-three marijuana cigarettes, which were later delivered to Lt. M. F. Patton. Constable Busch testified, in substance, as did the witness Bass.

Thomas Hughes testified that in September, 1951, he saw appellant while in the custody of Constable Busch take a "brown package * * * out of his hip pocket or out from under his belt and threw it behind him;" that he told Constable Busch that "he (appellant) threw a brown package behind him and he (Busch) walked over in the ditch and picked it up." Henry Hill testified, in substance, as the witness Thomas Hughes.

It was admitted that the fifty-three cigarettes which Deputy Sheriff Bass delivered to Lt. M. F. Patton in September, 1951, contained marijuana.

Clarence Hawkins and A. D. Eleby testified for the defense and stated that they were in the automobile with appellant at the time he was arrested on this charge; that they never saw appellant with any marijuana; and that there was none in the automobile.

Appellant testified that he did not have any marijuana on his person nor in the car at the time of his arrest; that the first time he saw this brown package which was introduced in evidence was when Constable Busch put it under his (appellant's) hat as they got in the automobile after his arrest.

The jury resolved the issue against appellant, and we find the evidence sufficient to sustain the verdict.

By Bill of Exception No. 6, appellant complains of the argument of the assistant district attorney.

This bill certifies that the assistant district attorney, in his opening argument, stated: "That Officer Bass received a call that Jeff D. McKnight was headed toward Humble with marihuana cigarettes in his car," and later during his opening argument said "These officers received information that the defendant was on his way to Humble with some marihuana."

This bill certifies further "that no evidence was admitted before the jury that Deputy Sheriff Bass received a call that Jeff D. McKnight was headed toward Humble with marihuana cigarettes in his car."

The trial judge further certifies in this bill that upon objection to each of the above statements, each objection, at the time it was made, was sustained, and upon request being timely made, he immediately instructed the jury not to consider said arguments.

Appellant, before the argument was concluded, moved the court to declare a mistrial upon the ground that the instruction given by the court to the jury failed to remove its prejudicial effect.

The trial court promptly sustained each of the objections to the complained-of arguments and instructed the jury not to consider them and, the minimum punishment having been assessed, we do not view the arguments of such a nature as to call for a reversal of the conviction.

We have examined each of appellant's bills of exception and find no error shown.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

This matter has heretofore been affirmed by us, and in the motion for rehearing appellant stresses but one point, it being the only point brought forward in the bill of exception, and that is that the assistant district attorney, in his presentation of this matter before the jury made the following argument:

"That Officer Bass received a call that Jeff D. McKnight was headed toward Humble with marihuana cigarettes in his car."

This statement was made in the opening address of the assistant district attorney, and upon appellant's timely objection thereto as being an unsworn statement of such attorney and not a comment on evidence before the jury, the trial court sustained the objection thereto and instructed the jury not to consider the argument. Immediately thereafter the appellant's attorney requested the court to declare a mistrial which request was denied by the trial judge. The bill further shows that thereafter the same assistant district attorney, after the court had sustained the objection to the argument relative to the information received by the arresting officer, again made the statement to the jury in his argument as follows:

"These officers received information that the Defendant was on his way to Humble with some marihuana."

This argument was again objected to by the appellant's attorney as not being argument on evidence admitted before the jury. The court again sustained the objection upon the re-

quest of counsel to instruct the jury not to consider the same. Appellant's counsel also requested the court to declare a mistrial which the court refused to do.

At the beginning of this trial the appellant was shown to have been arrested by a deputy sheriff who had no warrant for his arrest at the time thereof. Whereupon the appellant's attorney objected to all the evidence that might have been obtained from the search of the appellant because of the fact that the arresting officer had no warrant therefor and did not act upon probable cause; at which time the jury was retired and the question of probable cause was gone into in their absence. It was shown before the court practically all that was set forth in the argument objected to, but this did not take place in the presence of the jury, and the jury was not allowed to hear the statement relative to the information that the arresting officer might have received from some other person, same being hearsay at the time.

We are of the opinion that the continued reference to this hearsay testimony was injurious to the appellant's defense as a new fact injected into the case, and that the same was hearsay and not admissible on the trial hereof, nor should same have been heard before the jury.

Under the circumstances, we think the motion for rehearing should be granted, the order of affirmance set aside, the judgment reversed and the cause remanded, and it is so ordered.