W. R. WOOD, *alias* SLIM WILLIE WILSON *v.* STATE.

No. 29,844. May 28, 1958.

*J. W. Reid,* and *Theo. Ash,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for transporting intoxicating liquor in a dry area; the punishment, 30 days in jail and $300 fine.

Officers Head and French were parked in a car observing appellant's hotel. About 10:50 p.m., appellant came out of the hotel, walked across the street, entered a car and drove away. The officers pursued him but they soon lost him and returned and again parked near his hotel. After about twenty minutes appellant returned, parked the car a short distance from the hotel and began walking across a vacant lot toward the hotel when Officer Head stopped him. Officer Head testified that the appellant consented to the search of the car which revealed eight "lugs" of beer and 12 pints of whiskey. The testimony shows that the police changed shifts at 11:00 p.m. When Officer Head, while testifying in the presence of the jury, was asked by the state why they were at this particular place, he replied, "We had information * * *." At this time appellant's attorney interrupted the answer of Officer Head with the objection that any information he had came from a third party and was hearsay. The court overruled the objection and appellant reserved his exception thereto. The witness then stated that he had forgotten the question so that state's attorney re-directed it as follows: "How come you and Mr. French to be parked at that particular place, at that time?" Officer Head replied, "We had information that deliveries of whiskey and beer was being made during shift

change; that is, the police shift change. That is when they change shifts."

Appellant's objection that such information was hearsay was overruled. He next moved the court to instruct the jury not to consider such information for any purpose because it was highly prejudicial. The court refused the instruction and appellant excepted.

Appellant did not testify or offer any testimony in his behalf.

The testimony of the officer relating the information they had received of  deliveries of whiskey and beer during the changes of the police shifts was hearsay. Such information in connection with the time of the officers' surveillance and pursuit of the appellant conveyed to the jury in nature of testimony that the appellant was engaged in the deliveries of whiskey and beer during the police shift change.

The testimony complained of was reasonably calculated to prejudice the rights of the appellant before the jury and constitutes reversible error. Sealey v. State, 120 Texas Cr. Rep. 260, 47 S.W. (2d) 295; Hodge v. State, 152 Texas Cr. Rep. 395, 214 S.W. (2d) 469.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.