ELDRIDGE F. McCORMICK v. STATE.

No. 29,989. October 8, 1958.

*Burks & Brown* and *E. A. Blair,* Lubbock, for appellant.

*William J. Gillespie,* County Attorney, *Don M. Dean,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of alcoholic beverages in a dry area for the purpose of sale, with prior convictions for the "same offense" alleged for enhancement, in accordance with the terms of Article 61, V.A.P.C.; the punishment, one year in jail and a fine of $1,500.00.

In view of our disposition of this appeal, a statement of the facts will not be necessary other than to observe that the arresting officers testified that they approached a red gasoline truck in which the appellant was a passenger as it came to a halt at a stop sign on Quirt Street, searched the same and found concealed therein the intoxicants which constituted the basis for this prosecution.

By motion to quash, and especially by objection to the introduction of copies of the judgments in the last two prior convictions, the appellant called attention to the contradictory and conflicting manner in which the information was drawn. The pleader set forth the primary offense in the first paragraph. This was followed by an allegation of a 1952 conviction with which we find no fault. However, this is followed by paragraph three in which a January 1956 conviction was alleged as having occurred *prior to the 1951 conviction,* and this, in turn, was followed by the allegation of a November 1956 conviction which was alleged to have occurred *prior to the 1952 and the January 1956* convictions and which was clearly the allegation of impossible dates. The pleader evidently attempted to follow the pleading as set forth in Willson's Criminal Forms, 6th Edition, Section 2332, but pleaded chronologically as was done in Handy v. State, 160 Texas Cr. Rep. 258, 263 S.W. 2d 132, and the cases there cited.

We have concluded that, in line with the holding of this court in Carver v. State, 90 Texas Cr. Rep. 342, 235 S.W. 211, the errors in the information should call for a reversal of this conviction. Since the first two paragraphs of the information are proper, the prosecution will not be ordered dismissed.

The testimony of the officers before the jury to the effect that they had confidential information that a red truck loaded with intoxicants would stop at a stop sign on Quirt Street should have been excluded. See Wood v. State, (Page 319, this volume, 313 S.W. 2d 615; Sowers v. State, 160 Texas Cr. Rep. 456, 272 S.W. 2d 119; Hodge v. State, 152 Texas Cr. Rep. 395, 214 S.W. 2d 469;

and Starkey v. State, 115 Texas Cr. Rep. 552, 27 S.W. 2d 175. No issue was made by the evidence as to the existence of probable cause to authorize the search of the truck, and such testimony was clearly hearsay and inadmissible.

Upon another trial, the other questions raised by this appeal will probably not occur, and they will not be discussed.

The judgment is reversed and the cause remanded.