**Ramiro M. CABRERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38473.**

Court of Criminal Appeals of Texas.

Nov. 3, 1965.

M. Gabriel Nahas, Jr., King C. Haynie, Houston (on appeal only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Charles E. Bonney and Joe S. Maida, III, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted for the offense of unlawful possession of heroin and his punishment was assessed at confinement in the penitentiary for eight years.

At the trial, narcotics officer R. Y. Garcia, of the Houston police department, testified that on the night in question he observed the appellant, at approximately 8:25 p. m., driving his 1960 Pontiac automobile west on Quitman Street and that he proceeded to follow appellant and observe him get out of his car and place a small bottle by a highway marker. The officer stated that he then drove to the highway marker and picked up the bottle, which the proof showed contained heroin. He then followed appellant and stopped him as he was driving on Quitman at Cochran Street.

While Officer Garcia was testifying on direct examination, certain questions were propounded to him, and the following transpired:

"Q. What attracted your attention to this vehicle with the defendant in it?

A. I had received information—

"Mr. Nahas: I object to it as being hearsay and ask that it be stricken and ask that the jury be instructed to disregard it.

"The Court: Overruled.

"Mr. Nahas: Note my exception.

"A. (By witness) I had received information from a reliable and credible person about 8:15 that the defendant would be in his automobile, a 1960 Pontiac, brown in color, License No. TC3660 and that he was on his way to deliver some heroin in the vicinity of Quitman at North Main.

"Mr. Nahas: Your Honor, I object to it again as hearsay and move that it be stricken.

"The Court: Overruled.

"Mr. Nahas: Note my exception."

The testimony elicited from Officer Garcia, over appellant's timely objection, as

to the information he had received was clearly hearsay and should not have been admitted before the jury.

 Such testimony was reasonably calculated to prejudice the rights of appellant, especially in view of his absolute denial—while testifying as a witness in his own behalf—that he had ever seen the bottle or placed it by the highway marker. The admission of such testimony presents reversible error. Sowers v. State, 160 Tex. Cr.R. 456, 272 S.W.2d 119; Wood v. State, 166 Tex.Cr.R. 319, 313 S.W.2d 615.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.