**Ignacio RAMOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38533.**

Court of Criminal Appeals of Texas.

Nov. 10, 1965.

J. Q. Warnick, Jr., Lubbock, (Court appointed counsel), for appellant.

Alton R. Griffin, Dist. Atty., Teddy L. Hartley, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is possession of heroin; the punishment, 20 years.

In view of our disposition of this case a recitation of the facts will not be deemed necessary other than the following. Diligent court appointed counsel prior to trial presented a motion in limine in which he prayed that the attorneys for the State and the witnesses be instructed not to allude to any information which they may have received from third parties with reference to the offense here on trial. Such motion was by the Court overruled. The first witness for the State was asked when he first saw appellant on the day in question and he replied, "we received information that. * *" He was interrupted by an objection that such was hearsay. Such objection was overruled and exception noted. The witness continued, "We received information that they were shooting heroin at the service station at Broadway and Avenue A in the rest room." Appellant again objected and such objection was overruled.

Appellant did not testify, and no contraband was shown to have been found on his person.

It has been the consistent holding of this Court that hearsay information as to probable cause authorizing an arrest is to be heard by the Court but not by the jury. Sowers v. State, 160 Tex.Cr. 456, 272 S.W. 2d 119, and Wood v. State, 166 Tex.Cr.R. 319, 313 S.W.2d 615. We are unable to

distinguish the case at bar from Cabrera v. State, Tex.Cr.App., 395 S.W.2d 34 (November 3, 1965).

For the error assigned, the judgment is reversed and the cause is remanded.