**Felix ROSALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38411.**

Court of Criminal Appeals of Texas.

March 2, 1966.

542

M. N. Garcia, Austin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Our prior opinion affirming the conviction is withdrawn.

The offense is the unlawful possession of marihuana; the punishment, 5 years.

At the request of appellant's counsel, hearing was had before the court in the jury's absence on the question of the legality of the arrest and the admissibility of the evidence obtained as a result thereof.

At the hearing, Lt. Gann testified that he received a telephone call around 7:00 P.M. from an informer that appellant was to deliver marihuana to a party across from Molly Dawson School, where a band was to be practicing; that this information came from a person he believed to be reliable; that he got Sgt. Moody on the telephone and met him at the police station; that the information received was that the appellant was to be in an old Buick, license No. AP 2390; that he went to Molly Dawson School and circled the block two or three times; that he heard music coming from 613 Peacock Lane; that he stopped behind an abandoned vehicle; that appellant arrived and parked with his left wheel to the curb, in violation of a city ordinance; that he saw him reach across to the right front to the glove compartment; that when he saw Gann, appellant jerked back in an excited manner and took off running; that he dropped an object that was later identified as a gun; that he was wrestled to the ground and a box containing marihuana was found and that the pistol was found.

The trial court correctly ruled that the evidence obtained by the officers was admissible and upon motion of appellant's counsel instructed the district attorney not to ask any questions concerning any information that led to the officers' going to the particular place.

Lt. Gann's testimony before the jury was to the same effect as his testimony at the hearing except for the fact that prior to his interrogation which concluded his direct examination there was no mention or reference to his having been informed that appellant would be bringing marihuana into the vicinity.

Lt. Gann was then asked, in violation of the court's instruction: "Did you have information that night from an informer which you considered to be credible that this defendant would be bringing marihuana into this vicinity of Austin?" and was asked and answered in the affirmative the question: "I will ask you then, Lt. Gann, if you had information from what you considered to be a credible informer *. * * that the defendant Felix Rosales would be in the vicinity in which you found him in possession of marihuana?"

The trial court overruled appellant's objection to the asking of the question and admitted the evidence, but admonished the jury not to take the question or the answer for the truth of the matter stated, and overruled appellant's motion for mistrial.

The record shows that the state offered the evidence "simply to show the basis of the Lieutenant's actions that night," and the court instructed that the evidence was submitted to the jury only for such basis.

Authorities are numerous which hold that prejudicial hearsay testimony such as called for by the question propounded should not be admitted to the jury where

there is no issue of probable cause to be submitted to the jury. Cabrera v. State, Tex.Cr.App., 395 S.W.2d 34; Wiley v. State, 169 Tex.Cr.R. 256, 332 S.W.2d 725; McCormick v. State, 166 Tex.Cr.R. 484, 316 S.W.2d 736; Wood v. State, 166 Tex.Cr.R. 319, 313 S.W.2d 615; Richardson v. State, Tex.Cr.App., 216 S.W.2d 572; Hodge v. State, Tex.Cr.App., 214 S.W.2d 469; Sealey v. State, 120 Tex.Cr.R. 260, 47 S.W.2d 295; Starkey v. State, 115 Tex. Cr.R. 552, 27 S.W.2d 175.

Lt. Gann had testified fully before the court in the jury's absence regarding the information he had received from a credible informer that appellant would be bringing marihuana into the vicinity where he found him in possession of marihuana; and the court had ruled that the evidence was admissible. Lt. Gann had been allowed to testify fully before the jury regarding the flight and capture of appellant and the finding of the match box containing marihuana under his (appellant's) body; and the marihuana had been introduced in evidence.

There was no issue as to probable cause for the jury.

There can be no doubt that the hearsay evidence that appellant would be bringing marihuana into this vicinity of Austin was highly prejudicial or that the propounding of the question was in violation of the court's ruling and destroyed the protection afforded appellant by a hearing before the court in the jury's absence on the question of probable cause.

We conclude that the prejudicial effect of the hearsay information that appellant would be bringing marihuana was not removed by the limitation placed thereon by the trial court, and that the propounding of such improper question before the jury requires that appellant be granted another trial. McKnight v. State, 159 Tex.Cr.R. 401, 264 S.W.2d 441.

Appellant's motion for rehearing is granted. The judgment is reversed and the cause remanded.