**Dale Norwood HALL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9794.**

United States Court of Appeals
Tenth Circuit.

June 17, 1968.

David R. Hansen, Denver, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty., (B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-defendant Hall is here for the second time. On his first appeal we reversed a conviction of bank robbery in violation of 18 U.S.C. § 2113(a) and (b) because of noncompliance with Rule 30, F.R.Crim.P. See Hall v. United States, 10 Cir., 378 F.2d 349. On retrial he was again convicted.

Hall was indicted with one Schutz for the robbery of a bank at Pond Creek, Oklahoma. Separate trials were granted. Schutz was convicted on his trial and we have recently affirmed. See Schutz v. United States, 10 Cir., 395 F.2d 225.

Hall complains of a search made of a house in Wichita, Kansas, in which he and Schutz were living. As a result of that search the officers secured knowledge of a ring and antique coins which had been taken from safe deposit boxes at the Pond Creek Bank by the robbers. The search was made pursuant to a warrant issued by a Kansas magistrate. The argument is made that the warrant is not supported by an affidavit and that the premises were not described with sufficient particularity. Both of these contentions were considered in Schutz and rejected. We find no difference from the claims advanced in Schutz and those presented here. It is true, as counsel point out, that the affidavit does not

appear in the record in the Hall case. It is in the Schutz record. On motion of Hall's lawyer the record in the Schutz case on the suppression of evidence because of unlawful search was made a part of the record in Hall's case. We have examined the affidavit and find that it satisfies the requirements of probable cause. See United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684. The property to be searched is adequately described.

During the trial an article appeared in an Oklahoma City paper under the headline "Effort to Fire Lawyer Fails—Hall Ordered to Trial." In another paper was an article captioned "Defendant Gets Turn Next in Bank Case." Each article referred to the first conviction of Hall and the subsequent reversal by the court of appeals. The two articles appear in the record but no showing is made as to how or why they became a part of the record. The defense made no motion for mistrial or new trial. At the conclusion of the evidence the trial judge addressed the jury in the box, called attention to the articles, asked whether any jurors had read them, apparently received some affirmative replies, and inquired specifically whether any would be influenced by the articles and whether each could decide the case honestly and conscientiously and solely on the evidence heard in the courtroom. The trial court was satisfied with the answers and the case proceeded with the arguments of counsel. The defense did not object to the interrogation of the jury or to the continuation of the trial thereafter. No objections were made to any of the admonitions, warnings or instructions of the court.

■ Every claim of jury prejudice because of newspaper articles appearing during a trial must turn on its own facts. Marshall v. United States, 360 U.S. 310, 312, 79 S.Ct. 1171, 3 L.Ed.2d 1250; Aiuppa v. United States, 10 Cir., 393 F.2d 597; and Mares v. United States, 10 Cir.,

383 F.2d 805, 809. The situation here is not like that in Marshall and Mares where the offending articles included references to evidence which the trial court had held inadmissible. Aiuppa is of greater similarity. There a subheadline read "Gangland Figure Found Guilty in 1963 but Won Appeal." We upheld the conviction in Aiuppa, pointing out that the publication occurred at some distance from the trial and that the trial court gave reasonable cautionary instructions.

■ In the case at bar the trial court interrogated the jury as to the reading of the articles and properly instructed the jury to decide the case fairly on the evidence produced in court without being influenced by the articles. Without objecting to the procedures followed or to any instructions, without requesting a mistrial because of the articles, and without moving for a new trial on the basis of the newspaper publicity, the defendant claims on this appeal, for the first time, that he did not have a fair trial because of that publicity. In Mares we said that a defendant may not withhold objections to publicity occurring during a trial until after an adverse verdict has been returned.[1] Here the objection was withheld until appeal.

Cases where applications were made promptly to the trial court for appropriate proceedings to nullify the effect of publicity occurring during a trial are not pertinent. Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420, is not in point. There the improper communications to the jury were not discovered until more than two years after the trial.

■■ The trial of this case occurred before our decision in Mares. We expressly said there that the interrogation of the jurors should be made separately and out of the presence of the other jurors.[2] We adhere to that statement. The failure to use this approved practice in the case at bar was not prejudicial error. The plaintiff did not object to the procedure followed. The nature

1. Mares v. United States, 10 Cir., 383 F.2d 805, 808.

2. Mares v. United States, 10 Cir., 383 F.2d 805, 809.

of the publicity in this case was not such as to present an "imperious necessity" [3] for a declaration of a mistrial by the trial court on its own initiative.

Affirmed.