**Jerry Lynn GIDDINGS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41987.**

Court of Criminal Appeals of Texas.

March 26, 1969.

Paul W. Wisdom, Jr., Dallas (Court Appointed on Appeal Only), for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, James P. Finstrom and Camille Elliott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is rape; the punishment, life.

We are met at the outset with the question of whether the lineup identification of appellant by the prosecutrix tainted her in-court identification of him as the guilty party under the rules set forth by the Supreme Court of the United States in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, and by this Court in Graham v. State, 422 S.W.2d 922.

■ Before making her in-court identification of appellant, the prosecutrix testified that she had ample opportunity to observe her attacker under good lighting conditions when she responded to her attacker's persistent ringing of her apartment doorbell by turning on a light near the door and opening the same in order to see who was seeking the late-night audience with her. Within fifteen minutes after her attacker left her apartment, she gave a detailed description of such person to the investigating police officers. Some four hours thereafter, she picked appellant out of a line-up of five men, all of whom were similar in height, weight, build, and were not dissimilarly dressed. Without reaching the question of whether the line-up utilized in this case was tainted, we find sufficient testimony to establish that the prosecutrix's in-court identification of the appellant was based on clear and convincing evidence and had a foundation independent of the line-up. See Clark v. United States, D.C.Cir., 408 F.2d 1230. While the record does disclose that the prosecutrix did not tell the officers who came to her apartment in response to her call that her attacker had been her neighbor in the apartment complex, we have concluded that the jury were justified in concluding that because of her emotional state she was not able to orientate herself sufficiently to have reached this obvious conclusion. The fact that she had briefly met appellant on two prior

occasions would not militate against this finding by the jury.

■ As his second ground of error, appellant complains of an insufficiency of proof of penetration. The prosecutrix testified numerous times, on direct and cross-examination, as to penetration. The testimony of the doctor who examined her shortly after the assault established the presence of spermatozoa in her vagina. Ground of error #2 is overruled.

■ Appellant's third ground of error is that there is no sufficient identification of appellant as the guilty party. As we pointed out above, the prosecutrix positively identified appellant as the one who attacked her. Such testimony is ample to establish appellant's identity.

■ Appellant was indigent at the time of his appeal but not at the time of his trial. He was represented at his trial by counsel of his own choosing. His court appointed attorney on appeal has here raised all points which he considers arguable and which appellant desired to be presented on appeal. One of these is that the jurors entered the courtroom after being excused for the night carrying newspapers which contained an article detrimental to appellant. There is no showing that any member of the jury read such article, and when polled by the court, all jurors affirmed that they had followed the court's thorough instruction given on the previous evening not to read such articles and had not in fact read such article. Hall v. United States, 10 Cir., 396 F.2d 428; United States v. Pisano, 193 F.2d 355, 31 A.L.R.2d 409. Cf.; Wiley v. State, 169 Tex.Cr.R. 256, 332 S.W.2d 725; Mares v. United States, C.A. 10, 383 F.2d 805. We conclude that this and the other questions which appellant's court appointed counsel on appeal raised, do not present merit.

Finding no reversible error, the judgment is affirmed.