**Gary Lee HULL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42154.

Court of Criminal Appeals of Texas.

June 25, 1969.

Phil Burleson, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is rape; the punishment, 99 years.

Appellant's first ground of error is: "The Trial Court erred in permitting the State to offer identification testimony, subsequent to the display of pictures of the Defendant to the witnesses involved and subsequent to the placing of the Defendant in a line-up, absent counsel or an intelligent waiver thereof, under the circumstances violating the Defendant's rights of due process under the law."

At the trial on February 27, 1967, the complaining witness identified appellant as the man who, shortly after 10:30 P.M. on November 8, 1966, grabbed her around the neck, holding what felt to her like a knife at her neck, and told her to come with him, threatening to kill her if she tried to get away or if her friends sought help, and dragged her from the washateria where she had gone to wash her clothes.

Two friends of the complainant gave testimony at the trial to the same effect.

The complainant further testified that after dragging her down the alley in back

of the building, and into a back yard, appellant raped her by forcing her to submit and repeatedly threatening to kill her.

The two friends who had accompanied the complainant to the washateria testified further that after the complainant was dragged from the building they called the police.

The prosecuting witness testified without objection that the defendant on trial (Gary Lee Hull) was the man that raped her. She further testified that on November 12, 1966, a policeman came to her house and showed her some pictures, and she was able to identify one as the picture of the man that attacked her, and that about 9 P. M., on the same day, she went to the police station to view a line-up and identified the one with number one above him as the defendant, Gary Lee Hull, the man who raped her.

The only objection offered to any of this testimony was that offered to the exhibiting to the complaining witness of pictures and "identification from a picture."

Both of the witnesses who were with the complainant in the washateria testified without objection that appellant was the man that drug her from the washateria building. Each of the witnesses was able to identify a picture and to identify the man in the police line-up under number one as the defendant on trial.

■ Appellant's able counsel on appeal recognizes that the line-up was prior to the decision of the Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and this case is not ruled by these opinions. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

■ We find nothing in this record to show that the identification by picture prior to the line-up, or the line-up confrontation, was suggestive or conducive to irreparable mistaken identification or that based upon the totality of circumstances appellant was denied due process of law.

■ We further note that the in-court identification was positive and independent of the picture and line-up identification and such in-court identification was made without objection.

Ground of error No. 1 is overruled.

■ The remaining grounds of error relate to the record on appeal. Grounds 2A and 2B relate to the absence of an order overruling defendant's amended motion for new trial and of a showing that appellant was present when said amended motion was overruled.

The amended motion for new trial was filed after the time allowed for filing motion for new trial had expired and without an original motion having been filed.

We further note that sentence was pronounced three days after the amended motion for new trial was filed. Neither appellant nor his counsel had anything to say why sentence should not be pronounced. There is nothing in the record to show that the court's attention was called to the filing of the amended motion for new trial or that the court granted leave or extended the time for filing.

■ Ground 3 relates to the approval of the record on appeal by "W. C. Dowdy, Judge sitting for Judge, Criminal District Court, Dallas County, Texas," after the death of Judge Frank Wilson who tried the case.

Weeks v. State, 107 Tex.Cr.R. 329, 296 S.W. 599, cited by appellant, was decided prior to the amendment of Rule 18, Rules of Civil Procedure (1943) which specifically authorizes a judge transferred from another district to approve a statement of facts when the judge that presided at the trial dies.

In Pierson v. State, 147 Tex.Cr.R. 15, 177 S.W.2d 975, attention was directed to the amendment of Rule 18 R.C.P., effective

December 31, 1943, whereby assigned judges might approve a statement of facts in a case tried by a deceased judge during his lifetime. However, the court pointed out that the amended Rule 18 R.C.P. did not become effective until long after Pierson's rights had been definitely fixed and Rule 18 as amended was ineffective.

We note further that prior to his death Judge Wilson had approved the transcript of the Court Reporter's Notes or statement of facts and his signature and the signatures of counsel for the defense and for the state, agreeing that such transcription was correct, appear thereon.

 Ground No. 4 relates to the sentence which we find in all things regular in form and properly applying the indeterminate sentence law. Art. 42.09 Vernon's Ann.C.C.P.

The judgment is affirmed.