Melvin Ray RANDOLPH, Appellant,

v.

The STATE of Texas, Appellee.

No. 43459.

Court of Criminal Appeals of Texas.

Feb. 24, 1971.

Rehearing Denied March 31, 1971.

Melvyn Carson Bruder, Dallas (appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

The offense is burglary; the punishment, 10 years.

This is a companion case to Johnson v. State, Tex.Cr.App., 462 S.W.2d 955, affirmed by this court on January 20, 1971.

The indictment alleges that appellant and Clavis Charles Johnson, acting together, burglarized a house occupied and controlled by Retha Robinson with intent to commit theft.

The state's evidence reflects that on the 12th day of February, 1969, at approximately 12:30 P.M., two men were seen entering Retha Robinson's apartment through the bathroom window. Approximately four minutes later they were seen leaving the apartment with certain property, which Retha Robinson testified was missing from her apartment.

Appellant's first ground of error is that the court erred in permitting "an in-court identification of the appellant based upon an identification made at a time when the appellant had not been advised of his con-

stitutional rights and did not have the benefit of an attorney at the time of the out-of-court identification." Relying upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, appellant contends that the identification was inherently unfair.

The record reflects that witnesses Bessie Hunt and Ernest Moore were standing at a grocery store talking when witness Hunt saw appellant and another person come out of the apartment, carrying a radio, T. V. and other property; that she went inside to call the police and Ernest Moore followed them. Ernest Moore testified that he followed the two several blocks, lost sight of them temporarily, then saw them again and pointed them out to the officer who arrested them. They were brought back immediately and Bessie Hunt identified them.

We further note that the in-court identification by these two witnesses, and by Foster Golden (who testified he saw the appellant and another go into and out of the apartment) was positive and was made without objection. The record reflects the following, during the examination of Golden:

"Q. (By the Assistant District Attorney) All right, will you look around the courtroom and see if you can identify either one of those two people that came out of that front door?

"A. That's the guy sitting right there next to the—to the lawyer, there."

And on cross-examination:

"Q. (By Counsel for Appellant) Could you possibly be mistaken at all, Mr. Golden, about your identification of this man?

"A. I don't believe so, no.

"Q. Did you answer no to the question you could not be mistaken about your identification of this man at all?

"A. No, I couldn't be mistaken.

\* \* \* \* \* \*

"Q. So the fact that the policeman brought both of the persons back, ah, did not in any way influence your identification?

"A. No."

■ The testimony of the other two witnesses was substantially the same. Such testimony was sufficient to show that the witnesses' identification of appellant was not "tainted". Hull v. State, Tex.Cr.App., 442 S.W.2d 722; Giddings v. State, Tex.Cr.App., 438 S.W.2d 805; Martinez v. State, Tex.Cr.App., 437 S.W.2d 842.

Appellant's first ground of error is overruled.

■ By grounds of error Two and Three appellant complains of arguments to the jury. Objection interposed by appellant to certain argument was sustained, and the jury was instructed to disregard. No motion for a mistrial was made, hence no error. Walker v. State, Tex.Cr.App., 441 S.W.2d 201; Morris v. State, Tex.Cr.App., 432 S.W.2d 920. The court did not err in overruling objection to the following:

"Now, if that's all it takes to walk a man out of here on the evidence you heard here yesterday, ladies and gentlemen, then we're in pretty bad shape—."

This was a plea for law enforcement and not improper argument. Asay v. State, Tex.Cr.App., 456 S.W.2d 903; Villarreal v. State, Tex.Cr.App., 440 S.W.2d 74.

Grounds of error Two and Three are overruled.

The judgment is affirmed.