**Marcelo VARA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43652.**

Court of Criminal Appeals of Texas.

April 27, 1971.

Nat Davis, Wm. L. Ferguson, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James L. Muldrow, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the state.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. The punishment was assessed by the jury at 50 years.

Appellant contends that a police officer's testimony concerning information from an informer was hearsay and prejudicial, and that it was error to admit the same into evidence before the jury, over objection.

On appellant's motion to suppress evidence, a hearing was held out of the presence of the jury on the question of probable cause for his arrest and search. At this hearing, Officer Chavez, of the Narcotics Division of the Houston Police Department, testified that he received information from an informer that the appel-

**316**

lant was dealing in narcotics and had a supply on hand. At the time this information was received, the informer described appellant, gave the officer a name by which he was known, and the license number and description of the car he would be driving. He told the officer that appellant would be at a certain location within the city, and would leave soon thereafter.

Officer Chavez stated that he had previously received information from this same informer and that the information had been reliable and credible on each occasion.

The evidence revealed that the officer observed the facts as related by the informer. The trial court correctly ruled that probable cause had been established for the arrest and search of appellant.

Thereafter, Officer Chavez testified before the jury and the record reflects the following:

"Q. And you stated that the informant informed you what was going to take place, he gave you a description?

"A. The defendant lived at that apartment building and had heroin in the apartment.

"MR. FERGUSON: We object to that, Your Honor, and would ask— we have a motion for the Court at this time outside of the hearing of the jury.

"THE COURT: What is your objection, Counsel?

"MR. FERGUSON: Objection is to hearsay and the issue of probable cause is not for the jury in this case and the testimony of informant is hearsay to this defendant and admissibility is highly prejudicial since the Court has already ruled on the probable cause and the issue of probable cause is not before the jury.

"THE COURT: Overruled.

"MR. FERGUSON: I'm going to make a motion for mistrial at recess, Your Honor.

"THE COURT: Is that your motion for a mistrial?

"MR. FERGUSON: Yes, sir.

"THE COURT: Motion is overruled."

Then Officer Bell, who was with Officer Chavez on the occasion in question, was called as a witness by the state. The record reveals the following while he was testifying:

"Q. * * * Now, Officer Bell, I ask you do you recall whether or not on or about the 4th day of December, 1968, whether or not you had an occasion to go to the location known as 519 Colquitt Street, Houston, Harris County, Texas?

"A. Yes, sir.

"Q. And what was that occasion that caused you to go there?

"A. My partner received information that the defendant here was staying at that address and had a quantity of heroin in his possession.

"MR. FERGUSON: We object to the answer, Your Honor. We object to the question and we object to the answer and would move for a mistrial on the grounds that it is hearsay, that it is prejudicial, that the issue of probable cause is not before the jury.

"THE COURT: Overruled."

■ Hearsay information as to the existence of probable cause should not be heard by the jury. The question relative thereto is a question of law for the court to decide.

The state's reliance upon Jimenez v. State, Tex.Cr.App., 421 S.W.2d 910, is misplaced. Jimenez, supra, the objections to the hearsay evidence were sustained and the jury was instructed to disregard the same. Hence, that case is clearly distinguishable from the case at bar.

■ We conclude that the trial court committed reversible error by overruling

objections to the said prejudicial evidence. Rosales v. State, Tex.Cr.App., 399 S.W.2d 541; Ramos v. State, Tex.Cr.App., 395 S.W.2d 628; Cabrera v. State, Tex.Cr.App., 395 S.W.2d 34; McCormick v. State, 166 Tex.Cr.R. 484, 316 S.W.2d 736; Wood v. State, 166 Tex.Cr.R. 319, 313 S.W.2d 615; Richardson v State, Tex.Cr.App., 216 S.W.2d 572; Hodge v. State, Tex.Cr.App., 214 S.W.2d 469.

The judgment is reversed and the cause remanded.