**KENTUCKY POWER COMPANY, Appellant,**

v.

**REVENUE CABINET, Commonwealth of Kentucky, Appellee.**

Supreme Court of Kentucky.

Nov. 21, 1985.

Rehearing Denied April 10, 1986.

Bruce F. Clark and Judith A. Villines, Stites & Harbison, Frankfort, for appellant.

John A. Miller and Gary N. Brown, Legal Services Section Revenue Cabinet Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed and remanded a Franklin Circuit Court order which had reversed a Board of Tax Appeals order which held that Kentucky Power Company's right to dispose of property owned by its sister corporation, Franklin Real Estate Company, was intangible property subject to tax under KRS 132.020(1).

The principle issue is whether both corporate taxpayers are liable for taxes when one holds legal title to real property and the other has the equitable right to dispose of the same real estate.

Kentucky Power Company, a wholly owned subsidiary of American Electric Power Company, provides power to areas in eastern Kentucky. Its capital structure is financed in large part by bonds which operate as a blanket mortgage upon all real estate it owns. To facilitate the acquisition of real estate for future development, Franklin Real Estate Company was set up to hold title to certain real estate that is not subject to the blanket mortgage. Kentucky Power and Franklin have a contract whereby Franklin acquires and disposes of real estate at Kentucky Power's direction and Kentucky Power bears all costs. It is this right to control which the Revenue Cabinet seeks to tax as an intangible asset.

The circuit court held that only real estate tax was due because the land itself was the only property. The Board of Tax

Appeals determined that the interest of Kentucky Power in its relationship with Franklin was nonoperating intangible personal property taxable under the statute. The circuit court determined that the Revenue Cabinet's attempt to count the property twice for tax purposes was improper under KRS 132.020. A majority of the Court of Appeals panel held that a contract right was owned by Kentucky Power, separate and apart from the underlying real estate. The Court of Appeals also determined that the contract right was a taxable intangible that was of equal value to the book value of the underlying realty. The majority stated that the right to dispose of $20 million worth of property was as valuable as the property itself. This Court granted discretionary review.

This Court reverses the decision of the Court of Appeals because it results in double taxation without a clearly defined legislative policy to impose a double tax.

The real estate itself is subject to a 31½ cent state ad valorem tax levied by KRS 132.020(1). Kentucky Power considering itself to be the equitable owner of the real property paid that tax pursuant to KRS 132.060.

The Revenue Cabinet argues that Kentucky Power's contractual interest in the real estate is subject to the 25 cent state ad valorem tax levied by the same statute on the value of all money in hand, shares of stock, notes, bonds, accounts and other credits. The contract between Kentucky Power and Franklin had the effect of vesting equitable title in the real estate in Kentucky Power while Franklin held bare legal title. KRS 134.060 places the burden on the holder of equitable title to list the property for taxation and to pay the taxes thereon.

Key to the Revenue Cabinet's argument is the holding in *Security Trust Co. v. Dept. of Revenue*, Ky., 263 S.W.2d 130 (1953). In *Security Trust,* land trust certificates were taxed as intangible property because the rights vested therein were in personam against the trustee and not in rem against the realty. The beneficiaries under the trust though were clothed with none of the incidents of ownership. The facts here are readily distinguishable as Kentucky Power is clothed with all the incidents of ownership save bare legal title.

The beneficiaries in *Security Trust, supra,* held trust certificates which merely represented a right to receive income. Kentucky Power likewise holds a right to receive income, however, it also holds with that right the exclusive rights to direct the sale or purchase of the realty and the concurrent obligations of ownership—payment of real property, income and capital gains taxes. Franklin only held title to the property as a straw man. We recognize this distinction between *Security Trust, supra,* and this case.

There is nothing in the statutory language which demonstrates a clear, legislative intention that the holder of equitable title should pay a state ad valorem tax on the contract document which gives him his title in addition to the state ad valorem tax which he must pay on the land itself.

Double taxation is against public policy and will be permitted only where the legislature has clearly declared a contrary policy. *See Second Street Properties, Inc. v. Fiscal Court of Jefferson County,* Ky., 445 S.W.2d 709 (1969). Where the legislative intent is less than clear, a statute should be construed so as to avoid double taxation in any form. *George v. Scent,* Ky., 346 S.W.2d 784 (1961).

There is only one piece of property involved, the underlying real estate. Legal title and equitable title are vested in two different corporations. The separation of legal and equitable title does not in and of itself create another piece of tangible taxable property.

Kentucky Power's equitable title is worth the purchase price or book value of the property. Franklin's legal interest is virtually worthless because of itself it owns nothing and can exercise no control over the property. Together, their interests comprise the whole of the property: legal title plus equitable title, and these interests have a value equal to the purchase price of the property. We are not convinced by the

Revenue Cabinet's arguments that the value of the right to dispose of the property is worth another $20 million to Kentucky Power.

KRS 134.060 requires an ad valorem tax on the equitable owner of the tangible property. KRS 132.220(3) mandates the equitable owner to list the property for assessment. This Court has previously determined that the practical administration of ad valorem tax laws requires that in ordinary circumstances one person or entity be held responsible for the tax liability on each item of property. *See Fayette County Bd. of Supervisors v. O'Rear,* Ky., 275 S.W.2d 577 (1955).

■ The power to dispose of property is an incident of ownership and not a taxable intangible. *See Curry v. McCanless,* 307 U.S. 357, 371, 59 S.Ct. 900, 908, 83 L.Ed. 1339 (1939).

The fact that Kentucky Power was required to place the property for Federal Energy Regulatory Commission accounting purposes into an account known as "other investments," does not create a taxable intangible. The FERC regulates public utility interstate electric and natural gas rates. It is neither a taxing authority nor a prescriber of standards for taxing authorities.

FERC Account No. 124 has not been defined as containing only intangibles. The "other investment account" contained in the title could relate to both or either tangibles and intangibles. In this case it is the value of the real property that is being reported in Account No. 124. The accounting technique would in no way determine the character of the property for purposes of taxation under Kentucky law. The Court of Appeals has indicated that in tax cases, the concern must be with what the statute requires and not with what accounting practices dictate, no matter how correct those practices may be as a matter of accounting principles, unless the statute manifests some intent that the determination shall be made in accordance with generally accepted accounting principles. *See Kro-*

*ger Co. v. Dept. of Revenue,* Ky.App., 614 S.W.2d 705, 708 (1981).

■ Kentucky statutes and the constitution do not require taxation of the accounts as urged by the Revenue Cabinet. Kentucky Power has paid an ad valorem tax on the property in Account No. 124, which is an asset account. Proper statutory construction requires that general words of a statute be construed in accordance with the specific terms. *Gates v. Jarvis Corvette & Payton,* Ky., 465 S.W.2d 278 (1971). Applied to KRS 132.020, the term account refers to those accounts that are similar in nature to stocks, bonds or notes. It refers to accounts created by transactions and documents separate and apart from the acquisition of an underlying asset.

We are not convinced that the Kentucky Constitution requires taxation of the intangible account because the constitution requires taxation of all property that is not expressly exempted. Kentucky Constitution § 172. Actually, the Constitution requires that all non-exempt property be taxed, but does not require that it be taxed twice, once as a tangible and once as an intangible. Here there is only one item of taxable property, the real estate. Its placement in an asset account does not create another taxable unit of property. Neither the statutes nor the Constitution requires taxation of Account No. 124 as an intangible, separate and distinct from the underlying real property.

■ The imposition of an ad valorem property tax on the equitable title holder of real property and the imposition of an ad valorem tax on the same taxpayer on the power to dispose of the property is double taxation.

The decision of the Court of Appeals is reversed and the order of the Franklin Circuit Court is reinstated.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

AKER and VANCE, JJ. dissent.