**Dale Norwood HALL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9148.**

United States Court of Appeals
Tenth Circuit.

May 24, 1967.

Roger H. Swan, Oklahoma City, Okl., (James L. Burton, Oklahoma City, Okl., on the brief), for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

Appellant was tried and found guilty by a jury on each of two counts of an indictment charging violations of 18 U. S.C. § 2113(a) and (b) pertaining to the unlawful entry into and larceny from a federally insured bank. He appeals, contending, among other things, that the trial court erred by refusing his request to make objections to the court's instructions out of the presence of the jury.

Trial of this case took place during August 1966. By amendment effective July 1, 1966, Rule 30, Fed.R.Crim.P., was amended in its concluding sentence by adding the words underlined as follows:

"Opportunity shall be given to make the objection out of hearing of the jury *and, on request of any party, out of the presence of the jury.*"

After the charge to the jury had been given the record shows a colloquy between court and counsel occurred:

"The Court: I will ask of counsel for the plaintiff and defendant if there is any further record either side cares to make with reference to the trial of this case before the bailiff is sworn to take charge of the jury.

Mr. Raley: Nothing for the Government, your Honor.

Mr. Burton: I do have some things to—

The Court: You may come to the desk here.

Mr. Burton: May I make my record out of the presence of the jury, your Honor?

The Court: You can make it right now.

Mr. Burton: May the record show we are in the presence of the jury.

The Court: But out of the hearing of the jury."

Thereafter defense counsel briefly noted his formal objections and his reasons therefor and handed to the court an instruction with the comment that he "thought it was to be given." The additional instruction was then given by the court to the jury as a "further instruction."

The United States, necessarily conceding lack of literal compliance with Rule 30, nevertheless urges that the requirements of the rule were fully met because (1) the record shows that court and counsel had a fifteen minute off-the-record pre-instruction conference during which, so says the United States, defense counsel was granted full opportunity to argue and record his objections to proposed instructions outside the hearing and presence of the jury and (2) the jury was not adversely impressed by the later bench conference for, "from all outward appearances," defense counsel won his point as evidenced by the giving of the "further instruction" requested by the defense. We find no merit to either aspect of the government's argument.

 The amendment to Rule 30 was intended to allow counsel full opportunity to argue and record objections to the court's instructions and, upon request, to do so outside the presence of the jury in order to avoid the psychological pressure of low-tone bench conferences leading to truncated presentations and understandings. Neither the merits of the objections nor the success or apparent success of the advocates are pertinent to the proper application of the rule. It is common and proper practice for court and counsel to have a pre-instruction conference at which time an opportunity for full argument may be accorded. And while Rule 30 does not dictate a prohibition against anticipatory objections made and recorded by stipulation before the giving of the charge to the jury, the same reasons exist for condemnation of this practice as this court has set forth in its consideration of Rule 51, Fed.R.

Civ.P. See Dunn v. St. Louis-San Francisco Ry., 10 Cir., 370 F.2d 681, 683. But in the case at bar the record reflects only that the court was in recess for fifteen minutes and all recess procedures were off the record. No objections were recorded and when, after the giving of the charge, appellant sought opportunity to record his objections and remind the court of an apparent omission in the charge, he came directly within the shelter of Rule 30. The denial to him of the application of the rule was clear error and requires reversal.

Appellant's other assignments of error concerning alleged error in the instructions, error in the admission of evidence, and a claimed prejudice through jury misconduct have been considered by the court and are deemed to be without merit or unnecessary to discuss in view of the disposition of the case here made.

The judgment is reversed with directions to grant a new trial.