UNITED STATES of America

v.

George Harry SCHMIDT, Jr., Appellant.

No. 72–1414.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Nov. 14, 1972.

Decided Dec. 26, 1972.

Louis Lipschitz, Lipschitz & Danella, Philadelphia, Pa., for appellant.

John R. Sutton, First Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before ALDISERT, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant George H. Schmidt, Jr., was charged under a three-count indictment with conspiracy, false entries, and willful misapplication of funds of a branch office of his employer, the First Pennsylvania Banking and Trust Company, a federally insured bank.[1] The jury returned a verdict of guilty on Count 2, the misapplication count, but failed to reach any agreement on the other two counts. Appellant's motions for a judgment of acquittal on all three counts[2] or, in the alternative, for a new trial on Count 2 were denied by the district court. This appeal followed.

For the reasons hereinafter stated, we agree with the district court that appellant has failed to meet the burden required for a judgment of acquittal on any count or a new trial on Count 2. We shall first consider the motion for a judgment of acquittal.

At the outset, it must be noted that the standard for evaluating a motion for a judgment of acquittal is that "the evidence and the inferences to be drawn

1. Count 1 charges a conspiracy to make false entries into the books and records of the bank in violation of 18 U.S.C. § 371. Count 2 charges willful misapplication of bank funds in violation of 18 U.S.C. § 656. Count 3 charges making false entries in the books and records of the bank in violation of 18 U.S.C. § 1005.

2. As to Counts 1 and 3, the district court correctly indicated that a new trial must be held on the government's request unless a judgment of acquittal is required by the evidence.

from it must be taken in the light most favorable to the Government." United States v. Feldman, 425 F.2d 688, 692 (3d Cir. 1970). This standard does not help appellant in the present case.

■ ■ Appellant's principal argument on his acquittal motion is that the evidence is insufficient to sustain the Count 2 conviction of willfully misapplying bank funds since it fails to show an intent to injure or defraud the First Pennsylvania Bank. This intent, while no longer explicitly required by statute, is still considered an essential element of the crime. United States v. Fortunato, 402 F.2d 79, 80 (2d Cir. 1968), cert. denied, 399 U.S. 933, 89 S.Ct. 1205, 22 L. Ed.2d 463 (1970); United States v. Mullins, 355 F.2d 883, 886 (7th Cir. 1966), cert. denied, 384 U.S. 942, 86 S. Ct. 1465, 16 L.Ed.2d 540 (1966); Giragosian v. United States, 349 F.2d 166, 168 (1st Cir. 1965); Seals v. United States, 221 F.2d 243, 245 (8th Cir. 1955).

Appellant claims that he was duped by one Bruce Nurock into making various improper loans, and that he had no intent to injure or defraud the First Pennsylvania Bank. The government produced considerable evidence to the contrary, however, including testimony by Nurock that when he reached his maximum individual borrowing limit, appellant suggested that Nurock furnish him with corporate entities through which further loans could be channeled. Subsequently, loans were granted to two corporations and another individual,[3] with all of the proceeds going to Nurock. Nurock also testified that appellant had him sign personal financial statements and promissory notes in blank and that appellant filled in these forms. According to a First Pennsylvania Bank officer, this procedure violated bank regulations requiring the customer to prepare financial statements and prohibiting the acceptance of promissory notes signed in blank. In connection with this, the government showed that the financial statements as well as other bank records involving loans to Nurock contained numerous items of false information. Finally, Nurock testified to the effect that appellant knew that certain money was misapplied in connection with a loan for the indirect purchase of stock.[4]

■ The intent to injure or defraud a bank which we have said is an element of the misapplication of funds offense exists if a person acts knowingly and if the natural result of his conduct would be to injure or defraud the bank even though this may not have been his motive. Golden v. United States, 318 F.2d 357, 361 (1st Cir. 1963). Reviewing the entire record including Nurock's testimony in the light most favorable to the government, we find that the evidence in this case was sufficient to permit a finding that appellant acted knowingly and that an injury to the First Pennsylvania Bank would be the natural result of his conduct. We note that the district court's charge required the jury to decide at least this much, if not more, before finding appellant guilty on the misapplication of funds count. Consequently, we conclude that the district court properly denied appellant's motion for a judgment of acquittal on Count 2.

■ Appellant also contends that the evidence is insufficient to convict him under Counts 1 and 3 charging conspiracy and false entries and that an acquittal should be granted on each of these

3. The individual, a man named Sid Eick, testified that he never applied to the First Pennsylvania Bank or appellant for a loan, and that he never authorized Nurock to use his name for any purpose.

4. Nurock said that he attempted to borrow money to buy stock in National Aviation Corporation. Appellant allegedly told Nurock that the bank could not loan money for stock purchases, but that appellant could arrange a loan for him through Delaware Valley Factors. Bank records show a loan of approximately $21,000 to Nurefco, Inc., one of Nurock's corporations, which Nurock testified he used as a cash deposit with Delaware Valley Factors to obtain the stock loan.

counts. However, based on our review of the evidence, we cannot say as a matter of law that a jury could not find appellant guilty of either or both of these crimes.

Appellant's second argument on this appeal is that the district court erred in denying his motion for a new trial on Count 2. After careful consideration of the record, the following contentions advanced by appellant in support of his argument are rejected:

1. The evidence is insufficient to sustain the conviction of willfully misapplying bank funds.

2. The district court erred in permitting the admission into evidence of a flow sheet as a business record. *See, e. g.,* United States v. Smallwood, 443 F.2d 535, 540 (8th Cir. 1971), cert. denied, 404 U.S. 853, 92 S.Ct. 95, 30 L.Ed. 2d 93 (1971); McDaniel v. United States, 343 F.2d 785, 789 (5th Cir. 1965), cert. denied, 382 U.S. 826, 86 S.Ct. 59, 15 L.Ed.2d 71 (1965).

3. The district court erred in failing to require the government to produce certain bank regulations.

4. The district court erred in failing to grant a mistrial because of a reference on cross examination of appellant to other misconduct and another possible crime. *See, e. g.,* United States v. Keilly, 445 F.2d 1285, 1288 (2d Cir. 1971), cert. denied, 406 U.S. 962, 92 S.Ct. 2064, 32 L.Ed.2d 350 (1972); United States v. Johnson, 382 F.2d 280, 281 (2d Cir. 1967) (involving intent); United States v. Sweeney, 262 F.2d 272, 276–277 (3d Cir. 1959) (involving credibility).

5. The district court erred in permitting an FBI agent to testify about a conversation with appellant who had not been given any *Miranda* warnings. This was not an in-custody interrogation, and appellant volunteered to come to the FBI office and terminated the interview by his own choice to keep a business appointment. *Cf.* United States v. Stribling, 437 F.2d 765, 771–773 (6th Cir. 1971), cert. denied, 402 U. S. 973, 91 S.Ct. 1661, 29 L.Ed.2d 137 (1971); United States v. Jaskiewicz, 433 F.2d 415 (3d Cir. 1970), cert. denied, 400 U.S. 1021, 91 S.Ct. 582, 27 L. Ed.2d 632 (1971), and the cases cited therein.

6. The district court erred in permitting the government to allude that the First Pennsylvania Bank had received payment under a bond and that Nurock's father was being sued by the Bank on a guarantee given to cover some of its loans.

7. The district court erred in permitting the indictment to be with the jury during its deliberations. *See* United States v. Marquez, 424 F.2d 236, 240 (2d Cir. 1970), cert. denied, 400 U.S. 828, 91 S.Ct. 56, 27 L.Ed.2d 58 (1970); Souza v. United States, 304 F.2d 274, 280 (9th Cir. 1962).

8. The district court erred in failing to afford defense counsel an opportunity to object to additional charges outside the jury's presence. Pursuant to Rule 30, Fed.R.Crim.P., 18 U.S.C.,[5] the district court afforded appellant the opportunity to make objections out of hearing of the jury. However, Rule 30 placed the burden on appellant to *request* an opportunity to make objections outside the presence of the jury. *See* Hall v. United States, 378 F.2d 349 (10th Cir. 1967).

For the reasons stated, the judgment of conviction will be affirmed.

---

5. Rule 30, Fed.R.Crim.P., 18 U.S.C., provides in pertinent part:

"Opportunity shall be given to make the objection out of the hearing of the jury and, on *request* of any party, out of the presence of the jury." (Emphasis added).