**UNITED STATES of America, Appellee,**

v.

**Frederick William SCHEPER, III, Appellant.**

No. 75–1278.

United States Court of Appeals, Fourth Circuit.

Argued July 7, 1975.

Decided Aug. 14, 1975.

Morris D. Rosen, Charleston, S. C. (Falcon B. Hawkins, Hollings, Hawkins & Morris, Charleston, S. C., on brief), for appellant.

Thomas B. Simpson, Asst. U. S. Atty. (Mark W. Buyck, Jr., U. S. Atty., D. S. C., and Lionel S. Lofton, Asst. U. S. Atty., on brief), for appellee.

Before CRAVEN, BUTZNER and FIELD, Circuit Judges.

BUTZNER, Circuit Judge:

Frederick William Scheper, III, appeals his conviction for embezzlement under 18 U.S.C. § 656. Three of his assignments of error—denial of his mo-

tion for a judgment of acquittal, improper instructions to the jury, and the court's interruption of his counsel's argument to the jury about stealing—are related. They rest on the proposition that the intent to injure or defraud is an essential element of embezzlement. Scheper also complains that the verdict was inconsistent and that the court erroneously denied his motion for change of venue. We affirm.

Scheper, president of the Peoples Bank of Beaufort, South Carolina, obtained eight thousand dollars from the commercial loan teller in July 1973. He gave the teller an undated personal check for that sum on his account at another bank. On his instructions the check was improperly carried with other cash items until October, when it was converted into a loan to Scheper's wife during an FBI investigation of the bank. He testified that he intended the check to be a temporary measure until his wife signed a note for the loan. Scheper had insufficient funds in the drawee bank to cover the check, although his credit standing would undoubtedly have enabled him to arrange a loan if the check had been presented.

 Unlike its predecessor, 18 U.S.C. § 656 does not mention intent to injure or defraud, but courts have generally recognized that this intent is an element of the crime of embezzlement. *See, e. g., Seals v. United States*, 221 F.2d 243 (8th Cir. 1955); *Giragosian v. United States*, 349 F.2d 166 (1st Cir. 1965); *United States v. Schmidt*, 471 F.2d 385 (3d Cir. 1972); *accord, Johnson v. United States*, 95 F.2d 813 (4th Cir. 1938) (former statute). Were it not necessary to prove such an intent, a bank employee could be convicted of embezzlement when he inadvertently made errors to the bank's disadvantage. The purpose of the rule that the government must prove intent to injure or defraud is not to require the trial judge to recite those specific words to the jury but to assure that only those who consciously do wrong are convicted of the crime. As the Court stated in *Morissette v. United States*, 342 U.S. 246, 252, 72 S.Ct. 240, 244, 96 L.Ed. 288 (1952):

"The unanimity with which [courts] have adhered to the central thought that wrongdoing must be conscious to be criminal is emphasized by the variety, disparity and confusion of their definitions of the requisite but elusive mental element. However, courts of various jurisdictions, and for the purposes of different offenses, have devised working formulae, if not scientific ones, for the instruction of juries around such terms as "felonious intent," "criminal intent," "malice aforethought," "guilty knowledge," "fraudulent intent," "wilfulness," "scienter," to denote guilty knowledge, or "mens rea," to signify an evil purpose or mental culpability. By use or combination of these various tokens, they have sought to protect those who were not blameworthy in mind from conviction of infamous common-law crimes."

The district judge defined embezzlement as "willfully to take, or convert to one's own use the property of another, which came into the wrongdoer's possession lawfully, by reason of his office or employment or position of trust." (A. 488). He went on to explain that one of the elements the government must prove in order to establish embezzlement is that the defendant acted with the specific intent to break the law. In order to find specific intent, he instructed, the jury would have to find more than a general intent to engage in certain conduct. It would have to find that the defendant committed acts that he knew the law forbade, and that he intended to break the law. The court cautioned that an act is not knowingly done if it is caused by mistake, inadvertence, or some other innocent reason. When the jury, after more than three hours of deliberation, returned for further instructions on the issue of criminal intent, the court repeated the substance of these instructions.

We conclude, therefore, that the trial court's instructions on knowledge and specific intent adequately apprised the

jury that they must find that Scheper intended to injure or defraud the bank. Under the instructions, the jury could not have found Scheper guilty merely because he committed acts that unintentionally deprived the bank of funds. *See United States v. Johnson*, 447 F.2d 31, 34 (7th Cir. 1971), where the court reached the same conclusion about a similar instruction. *Cf. Logsdon v. United States*, 253 F.2d 12, 15 (6th Cir. 1958). Therefore, we hold that although the trial court denied the requested instruction on intent to injure or defraud, the court's charge adequately covered its substance. That is all the law requires. *See* 2 Wright, Federal Practice and Procedure § 482 (1969).

■ Scheper also argues that the trial court erred during the summation by prohibiting his counsel from telling the jury that embezzlement meant stealing. His contention would have merit if, by distinguishing embezzlement from stealing, the trial court had left the jury with the impression that one need not take the bank's property in order to commit embezzlement. The trial court's instruction, however, defined embezzlement and explained how it differed from larceny or stealing. In this context, the court's admonition that embezzlement was different from stealing did not prejudice the defendant's case.

■ Scheper next asserts that the evidence did not support a finding of intent to injure or defraud and that the trial court consequently erred in failing to grant his motion for a judgment of acquittal. This argument is based largely on the fact that Scheper had a substantial balance on deposit in the Peoples Bank of Beaufort throughout the period he held the eight thousand dollars. This, he maintains, demonstrates that there was "absolutely no probability of loss" to the bank. Acceptance of Scheper's inference, however, does not justify acquittal as a matter of law.

An essential premise of Scheper's argument is that an intent to permanently deprive the bank of its property must be proven in order to sustain a conviction for embezzlement. This premise is incorrect. If an employee knowingly appropriates his employer's money to his own use, he may be found guilty of embezzlement even though at the time he intended to return it. *Hancey v. United States*, 108 F.2d 835, 838 (10th Cir. 1940). Furthermore, loss is not an element of the offense. *Golden v. United States*, 318 F.2d 357, 361 (1st Cir. 1963).

■ Scheper argues that the court should have granted his motion for an arrest of judgment on the ground that his conviction for embezzling eight thousand dollars is inconsistent with his acquittal of making a false entry concerning the same sum. A verdict, however, need not be consistent, for the jury may exercise "its power to prevent the punishment from getting too far out of line with the crime." *United States v. Maybury*, 274 F.2d 899, 902 (2d Cir. 1960); *see also Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); 2 Wright, Federal Practice and Procedure § 514 (1969).

Finally, Scheper argues that the district court erred in failing to grant his motion that the trial be held in Charleston, rather than in Columbia, South Carolina. While this appeal was pending, we decided this issue against Scheper's position, and his argument does not persuade us to change. *See United States v. King*, No. 74–2014 (4th Cir., May 21, 1975).

Affirmed.