UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Edwin FAULKNER,
Defendant-Appellant.

No. 80–1316.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 1981.

Decided Feb. 27, 1981.

M. Daniel Markoff, Las Vegas, Nev., for defendant-appellant.

Rimantas Rukstele, Asst. U. S. Atty., Las Vegas, Nev., for the U. S.

Before SKOPIL, ALARCON and BOO-CHEVER, Circuit Judges.

SKOPIL, Circuit Judge:

## INTRODUCTION

Faulkner appeals his conviction of violation of 18 U.S.C. § 659, which prohibits

embezzlement or theft from an interstate shipment. He contends that the evidence was insufficient to establish his guilt, because he never physically removed goods from the truck, and never sold the goods. We affirm.

## FACTS

Faulkner was a truck driver for North American Van Lines. He picked up 105 refrigerators in San Diego, which he was to transport to Hartford, Connecticut. Faulkner stopped in Las Vegas, Nevada. He called Richard Urbauer, the owner of an appliance store, and offered to sell the refrigerators. Urbauer informed the police.

Faulkner and Urbauer discussed the sale of the refrigerators. Faulkner left the store and returned with his truck. He broke the truck's seals, entered the rear, and opened two cartons to show Urbauer the refrigerators. Urbauer examined the two refrigerators while Faulkner rearranged the boxes in the truck.

Faulkner and Urbauer went back to the store and tried to consummate a deal. They were unable to reach an agreement. Faulkner started to leave the store and was arrested.

Faulkner was convicted by a jury of embezzlement or theft from an interstate shipment, in violation of 18 U.S.C. § 659. He appeals.

## ISSUE

Faulkner contends that the evidence was insufficient to support his conviction.

## DISCUSSION

I. Standard of Review.

This court must uphold the verdict if the evidence, considered in the light most favorable to the government as prevailing party, would permit a rational conclusion by the jury that the accused was guilty beyond a reasonable doubt. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Hughes,* 626 F.2d 619, 626 (9th Cir. 1980).

■ 18 U.S.C. § 659 provides, in pertinent part: "Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any . . . motor-truck . . . with intent to convert to his own use any goods . . . which are a part of . . . an interstate or foreign shipment" shall be guilty of an offense.

■ In enacting section 659 Congress sought to protect the channels of interstate commerce from interference. The statute must be construed broadly to accomplish this purpose. It is not limited in its application to the strictly defined offense of common law larceny. *United States v. Waronek,* 582 F.2d 1158, 1161 (7th Cir. 1978); *United States v. Astolas,* 487 F.2d 275, 279 (2d Cir. 1973), *cert. denied,* 416 U.S. 955, 94 S.Ct. 1968, 40 L.Ed.2d 305 (1974). *See, e. g., United States v. Douver,* 472 F.2d 472, 476 (9th Cir.), *cert. denied,* 411 U.S. 954, 93 S.Ct. 1933, 36 L.Ed.2d 416 (1973); *United States v. Bryan,* 483 F.2d 88, 91 (3d Cir. 1973) (en banc); *United States v. Scott,* 592 F.2d 1139, 1143 (10th Cir. 1979).

The stealing or unlawful taking contemplated by the statute consists of taking over possession and control with intent to convert to the use of the taker. The statute does not require physical removal of the goods, nor even asportation in the common law larceny sense. *United States v. Padilla,* 374 F.2d 782, 784–85 (2d Cir. 1967). *See United States v. Fusco,* 398 F.2d 32, 35 (7th Cir. 1968); *United States v. De Normand,* 149 F.2d 622, 624 (2d Cir.), *cert. denied,* 326 U.S. 756, 66 S.Ct. 89, 90 L.Ed. 454 (1945).

■ The felonious intent required by the statute consists of the intent to appropriate or convert the property of the owner. An intent to return the property does not exculpate the defendant. *United States v. Waronek,* 582 F.2d at 1160–61 & nn.3 & 4.

■ We hold that there was sufficient evidence establishing the requisite act and intent. Faulkner exercised dominion and control over the refrigerators by leaving his assigned route to go to Urbauer's store and negotiate a sale. There was competent evidence that Faulkner broke the truck's seals,

opened the cartons and moved the goods to exhibit them to Urbauer, in furtherance of his attempt to sell them. The jury could therefore find that Faulkner had assumed possession and control of the goods. These facts also permitted the jury to conclude that Faulkner intended to convert the goods to his own use. It was not necessary that Faulkner remove the goods from the truck, nor complete the sale.

## CONCLUSION

The evidence was sufficient to support Faulkner's conviction of violating section 659. The judgment appealed from is AFFIRMED.