**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond Joseph COIN, Defendant-Appellant.**

No. 84–1137.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 13, 1984 *.

Decided Feb. 21, 1985.

Robert P. Weidner, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

J. Douglas McVay, Phoenix, Ariz., for defendant-appellant.

Before BROWNING, Chief Judge, and WALLACE and POOLE, Circuit Judges.

PER CURIAM.

Appellant Raymond Joseph Coin appeals his conviction by a jury for embezzling tribal funds in violation of 18 U.S.C. § 1163. He claims that the district court erred in refusing to give a jury instruction which stated that restitution, while not a defense to the crime, may be considered as evidence bearing on intent. We affirm.

Coin was elected vice-chairman of the Hopi Tribe in December 1981. As part of his duties, he was to run the Hopi Civic Center. In November of 1982, Coin obtained some blank requisitions, ostensibly to pay some bills for the Center. Coin's secretary subsequently picked up checks in the amount of the requisitions from the tribal treasurer's office, including one for $20,000 made out to Northern Arizona Theatre. The next day, Coin deposited the $20,000 check in a bank account he opened for Northern Arizona Theatre. From this account he made one payment of $12,258.59 to purchase movie equipment, and used the remainder for his personal benefit.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.

App.P. 34(a) and Ninth Circuit Rule 3(f).

After Coin was indicted for embezzling tribal funds, but before trial, the Hopi Tribal Council demanded that he repay the embezzled funds with interest. Coin repaid the money without interest. At trial, Coin denied intending to embezzle, steal or convert funds to his own use, claiming that because the funds had been paid to his company, Northern Arizona Theatre, he could use some of the money for his own purposes. The district court refused to give Coin's restitution jury instruction, which stated that:

> You have heard evidence that the Defendant returned monies to the Hope [sic] tribe upon demand. While restitution is not a defense to the crimes with which the Defendant is charged, you may consider such payment as evidence bearing on intent.

The jury found Coin guilty on one count of embezzlement.

 A defendant is entitled to an instruction on his or her defense theory if that theory has a basis in law and the record, *United States v. Candelaria,* 704 F.2d 1129, 1132 (9th Cir.1983); failure to instruct as to a defense theory in this situation is reversible error. *United States v. Davis,* 597 F.2d 1237, 1239 (9th Cir.1979). Coin's defense theory, however, lacks a basis in law and the record.

 The intent to return property is not a defense to embezzlement, *United States v. Faulkner,* 638 F.2d 129, 130 (9th Cir.1981), nor to misapplication of funds, *United States v. Dreitzler,* 577 F.2d 539, 546 (9th Cir.1978), *cert. denied,* 440 U.S. 921, 99 S.Ct. 1246, 59 L.Ed.2d 473 (1979). Such crimes are complete when the misapplication or embezzlement occurs. *United States v. Duncan,* 598 F.2d 839, 858 (4th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). The victim of the crime is deprived of its right to make decisions about how its property or funds are to be used. *Dreitzler,* 577 F.2d at 546.

Some courts, however, have declared that restitution may be relevant on the issue of intent, *e.g., United States v. Cauble,* 706 F.2d 1322, 1354 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984), primarily when restitution is contemporaneous with the crime. Thus, in *Cauble* the defendant made his personal guarantee of loans at the time the funds were misapplied. *Id.* at 1354. In *Duncan,* the defendant bank president had the bookkeeping department hold personal checks rather than debit his checking account, which could have covered all the checks. Defendant argued that he lacked the intent to defraud or injure the bank. The court noted that subsequent restitution may be relevant to intent, 598 F.2d at 858, but held that evidence supported the jury's finding of criminal intent. *Id.* at 863.

 Here, contemporaneity was lacking. Rather, Coin's offer to repay came months later, and repayment did not occur until after he was indicted. The crime occurred and was complete when funds were misapplied; whatever occurred later as to repayment was neither material nor a defense. *United States v. Acree,* 466 F.2d 1114, 1118 (10th Cir.1972), *cert. denied,* 410 U.S. 913, 93 S.Ct. 962, 35 L.Ed.2d 278 (1973). *See also, United States v. Southers,* 583 F.2d 1302, 1305 (5th Cir.1978) (evidence of eventual repayment of misapplied funds does not negate the requisite intent). The identical reasoning applies here. The district court correctly rejected Coin's proposed jury instruction. The instruction given was more favorable than was required.

Affirmed.