816 F.2d 673
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abbas BASHIR-ELAHI, Defendant-Appellant.
 No. 86-5627.
 United States Court of Appeals, Fourth Circuit.
 Argued March 2, 1987.
Decided April 10, 1987.
 
 E.D.Va.
 AFFIRMED.
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Richard L. Williams, District Judge. (CR-86-136-A).
 WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.
 David J. Curtin (Kevin M. Dinan; Schwalb, Donnenfeld, Bray & Silbert; William B. Moffitt; Lisa B. Kempler; Moffitt & Jones, on brief), for appellant.
 Kent S. Robinson, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Dr. Abbas Bashir-Elahi was convicted by the District Court for the Eastern District of Virginia of income tax evasion.
 
 
 2
 His appeal is centered on the contention that, if he proceeded with a good faith view as to what was the proper way to deal with the tax questions involved, that would be a full defense, however wrong in fact he might be. Dr. Bashir-Elahi has sought to rely on isolated portions of the jury charge to establish the validity of his contention. However, it is necessary to view the charge as a whole, Cupp v. Naughten, 414 U.S. 141, 146-47 (1973); United States v. Silva, 745 F.2d 840, 852 (4th Cir.1984), cert. denied, 470 U.S. 1031 (1985), and not to reverse if the defendant's requested instruction was substantially included in the charge viewed as a whole. United States v. Scheper, 520 F.2d 1355, 1358 (4th Cir.1975); United States v. Pallam, 571 F.2d 497, 501 (9th Cir.), cert. denied, 436 U.S. 911 (1978).
 
 
 3
 Dr. Bashir-Elahi objected to the following instruction:
 
 
 4
 So a defendant would not be willfully doing wrong if ... he consulted in good faith with an attorney, an expert, or a professional ... and then acted in accordance with the advice given him.
 
 
 5
 Dr. Bashir-Elahi had requested that the jury be instructed that good faith reliance could be shown if he proved that he had acted in accordance with what "he believed" to have been the advice of his advisors. Dr. Bashir-Elahi argues that the instructions, as given, negated his good faith defense, because at trial he admitted that he had not acted in accordance with the advice he had received.
 
 
 6
 The instructions taken as a whole did not preclude Dr. Bashir-Elahi's good faith defense. The portions of the charge surrounding the instruction stated that: (1) good faith is a complete defense; (2) the government has the burden of proof; and (3) mere negligence, gross negligence or errors in judgment are not sufficient to constitute willfulness. When read together the instructions provided in substance what Dr. Bashir-Elahi had requested.
 
 
 7
 Dr. Bashir-Elahi next argues that an instruction included in the charge was erroneous because it injected a standard of reasonableness into the case thereby shifting the burden of proof to the defendant. The instruction is taken from Devitt and Blackmar, Federal Jury Practice and Instructions (3d ed. 1977), Sec. 14.13. The charge read:
 
 
 8
 You may consider it reasonable to draw the inference and find that a person intends the natural an [sic] probable consequences of the acts knowingly done or knowingly omitted. As I have said it is entirely up to you to decide what facts to find from the evidence.
 
 
 9
 This court has approved a jury instruction virtually identical to the one about which the defendant is now complaining. United States v. Love, 767 F.2d 1052 (4th Cir.1984), cert. denied, 106 S.Ct. 848 (1986). In Love the court stated that the instruction did not create a conclusive or burden shifting presumption on intent, but rather instructed the jury as to what a reasonable inference would be. Id. at 1059. Furthermore, Dr. Bashir-Elahi's concern is met by that portion of the charge which reads:
 
 
 10
 In considering whether the defendant acted willfully you should consider only his state of mind and not judge his conduct on the basis of what some imaginary reasonable person would have done, under similar circumstances.
 
 
 11
 The above instruction clearly states that a reasonable person standard was not to be used and eliminated any possibility of confusion over what standard to apply.
 
 
 12
 Finally Dr. Bashir-Elahi contends that his fifth amendment right to be indicted by a grand jury was infringed and that the indictment was improperly amended at trial. Count I of the indictment charged the defendant with willfully attempting to evade taxes for 1979 by filing a false and fraudulent income tax return on June 10, 1980. The tax return filed by the defendant on June 10, 1980 actually reported a larger amount of taxable income and a larger amount of tax due than the Government claimed. The original return did not reflect a deduction which the defendant was entitled to take. When the error was discovered, a return claiming the omitted deduction but also repeating the erroneous figures which had led to the indictment, was filed.
 
 
 13
 The incorrect date and amounts were not material, insofar as the indictment was concerned, to either the original return or the amended return, both of which were in evidence. The amount of unreported income was exactly the same under either return. The defendant was not charged with failure to file a return but rather with filing a fraudulent return and therefore the date of the filing was not material since both returns failed to report the same amount of income.
 
 
 14
 It is not possible to identify any prejudice to the defendant. The judgment should be affirmed.
 
 
 15
 AFFIRMED.