916 F.2d 710
 31 Fed. R. Evid. Serv. 668
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon Enrique GARCIA, Defendant-Appellant.
 No. 89-5499.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 16, 1990.
Decided Oct. 24, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey II, Chief District Judge. (CR-89-31)
 Robert B. Schulman, Andrew J. Felser, Schulman, Treem, Kaminkow & Gilden, Baltimore, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, Harvey Ellis Eisenberg, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ramon Enrique Garcia was convicted of four counts of distribution of heroin. 21 U.S.C.A. Sec. 841(a)(1) (West 1981). On appeal he contends that the district court erred in several evidentiary rulings and in failing to give a requested jury instruction. We affirm.
 
 I.
 
 2
 Garcia owned two jewelry stores where the government suspected he distributed drugs. In the course of an investigation, an undercover agent began negotiating with him to purchase drugs. During their negotiations, Garcia and the agent used terminology common to the jewelry industry such as "coins" or "gold coins" and "diamonds," words the undercover agent testified indicated cocaine and heroin. Garcia was indicted for distribution of cocaine and heroin.[1]
 
 
 3
 At trial Garcia attempted to introduce a videotape portraying members of his family, several customers and trial witnesses in the jewelry stores where the alleged drug sales occurred. Garcia claimed that the purpose for showing the videotape to the jury was to display the layout of the stores. However, the tape showed many of the people laughing, smiling and waving at the camera. Gold coins had been arranged on a counter in one of the stores to bolster Garcia's testimony that in his conversations with the undercover agent "coins" meant actual coins, not drugs. The tape also portrayed Garcia and his family going to church. The undercover agent who bought the narcotics from Garcia stated that the customers in the videotape were not representative of anyone in the jewelry stores when she was present. The district court ruled that the videotape was inadmissible.
 
 
 4
 During presentation of Garcia's case, his counsel called a witness, Luis Dvord, who had difficulty understanding and communicating in English. When asked the question, "What is your name?" Dvord responded, "Mr. Garcia." Even as to the questions Dvord understood, there were long pauses before he could respond. The district court determined that Dvord was unable to understand the questions adequately to give accurate answers, and ruled that Dvord could not testify without an interpreter.
 
 
 5
 Three times during the redirect examination of Garcia the court interrupted Garcia's counsel and instructed him not to ask a leading question. Twice counsel apologized to the court, and the third time he simply rephrased his question.
 
 II.
 A.
 
 6
 Under Rule 403 of the Federal Rules of Evidence, a judge may exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, ... or misleading the jury, or by considerations of undue delay, [or] waste of time." We review evidentiary rulings for abuse of discretion. See Geders v. United States, 425 U.S. 80, 86 (1976). "[A]bsent extraordinary circumstances, the Courts of Appeal will not intervene" in the district court's determination regarding the admissibility of evidence under Rule 403. United States v. MacDonald, 688 F.2d 224, 227-28 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983). "This court will defer to a trial court's Rule 403 balancing unless it is an arbitrary or irrational exercise of discretion." Garraghty v. Jordan, 830 F.2d 1295, 1298 (4th Cir.1987).
 
 
 7
 Garcia contends that the district court abused its discretion when it refused to admit the videotape. Videotape evidence has been equated with photographic evidence and should be treated similarly. United States v. Houston, 892 F.2d 696, 702 (8th Cir.1989). "[P]hotographs that give the jury a distorted perspective are properly excluded as either irrelevant to the point at issue or misleading to the jury." United States v. Dombrowski, 877 F.2d 520, 525 (7th Cir.1989), cert. denied, 110 S.Ct. 2592 (1990). The district court found that use of Garcia's videotape was inappropriate because it was staged, and irrelevant because it did not accurately reflect circumstances existing in the stores at the time of the alleged drug sales. The court also noted that a description of the layout of each store had been given and if Garcia believed further description was necessary, the stores could be described again. The district court did not abuse its discretion in holding that the videotape was inadmissible.
 
 B.
 
 8
 Garcia also appeals the district court's refusal to allow Dvord to testify. In its discretion, the district court may refuse to allow a witness to testify. United States v. Bales, 813 F.2d 1289, 1296 (4th Cir.1987). Whether an interpreter is required is also within the court's discretion. United States v. Tejada, 886 F.2d 483, 488 (1st Cir.1989). When reviewing this evidentiary question, we again apply the abuse of discretion standard. The district court had the benefit of listening to and observing Dvord, and our review of the record reveals no abuse of discretion in the court's refusal to allow him to testify without an interpreter. Importantly, Garcia knew prior to trial that an interpreter would probably be required for Dvord, yet he failed to make a meaningful effort to obtain one.
 
 C.
 
 9
 Garcia next asserts that the district court unfairly prejudiced his case by criticizing questions asked by his counsel during redirect examination of Garcia. Rule 611(c) of the Federal Rules of Evidence states that "[l]eading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony." Rule 611 also gives the trial judge responsibility for controlling courtroom proceedings. The court must, on occasion, "intervene sua sponte in the proceedings in order to control them." United States v. Head, 697 F.2d 1200, 1210 (4th Cir.1982), cert. denied, 462 U.S. 1132 (1983). A trial judge's decisions regarding control of the trial proceedings will be reviewed only for an abuse of discretion. See Geders v. United States, 425 U.S. at 86. The district court did not abuse its discretion by instructing Garcia's counsel not to ask leading questions.
 
 III.
 
 10
 Garcia's final contention is that the district court refused to explicitly instruct the jury that transcripts of audiotapes received into evidence were not evidence. The district court's instruction was as follows:
 
 
 11
 Tape recordings of conversations identified by a witness have been received in evidence. Transcripts of these recordings were furnished for your guidance as you listened to the tapes and heard the testimony to help you identify speakers and understand the content of the conversations.
 
 
 12
 The tapes are evidence in the case. Whether the transcripts accurately reflect the content of the conversations and the identity of the speakers is for you to determine based upon your own hearing of the tapes.
 
 
 13
 The court had previously given explicit instructions when the transcripts were distributed to the jury that what was written in the transcripts was not evidence, but an "aid in listening to the tapes," and what the jury actually heard on the tapes was the evidence.
 
 
 14
 A jury charge must adequately cover the substance of the law. United States v. Scheper, 520 F.2d 1355, 1358 (4th Cir.1975). But "[i]t is not error for a court to refuse to adopt the precise terminology of a properly proposed instruction, providing the substance thereof is fully stated." Joyce v. Atlantic Richfield Co., 651 F.2d 676, 686 (10th Cir.1981). Because the charge by the district court adequately covered the substantive law we find no error in its refusal to give a more explicit charge.
 
 
 15
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Fed.R.App.P. 34(a)(3); Loc.R. 34(a).
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 The indictment alleging distribution of cocaine was tried separately and is not involved in this appeal