13-4639-cr
*United States v. Thomas*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand fourteen.

PRESENT:

JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee,*

            -v.-                                              No. 13-4639-cr

MICHAEL THOMAS,

    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          STEVEN B. RASILE, Law Offices of Mirto & Rasile, West Haven, CT

**FOR APPELLEE:**                     CHRISTOPHER M. MATTEI, Marc H. Silverman, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT

Appeal from a conviction in the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

In appealing his conviction in the District Court, defendant Michael Thomas contends that the District Court abused its discretion and violated his due process rights by excluding evidence he sought to introduce at trial.

## BACKGROUND

On January 4, 2013, a federal grand jury returned an indictment charging Thomas, the former Chairman of the Mashantucket Pequot Tribal Nation ("MPTN" or "Tribe"), with one count of theft from an Indian tribal organization, in violation of 18 U.S.C. § 1163, and two counts of theft concerning an Indian tribal government receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A).[1] Thomas was alleged to have used, between October 2007 and September 2009, his MPTN-issued American Express charge card to pay $100,087.63 in personal expenses. On July 24, 2013, a jury convicted Thomas on all counts. On November 19, 2013, Thomas was sentenced, principally, to imprisonment for 18 months.[2]

Before trial, the government submitted two motions *in limine*, opposed by Thomas, to exclude evidence that: (1) Thomas, before the timeframe charged in the indictment, reimbursed the Tribe for other personal charges to his card; and (2) other MPTN tribal councilmembers used MPTN-issued charge cards to pay for personal expenses. On July 19, 2013, the District Court issued an oral ruling, granting the government's motions and excluding the proffered evidence. After Thomas was convicted at trial, the District Court issued a written opinion confirming its oral ruling.

In its opinion, the District Court held that, because intent to repay stolen funds is not a legal defense to charges of theft or embezzlement, evidence that Thomas previously reimbursed the Tribe for personal expenses was not relevant. The Court also held that evidence of charge card misuse by Shalida Jones—another MPTN tribal councilor who used her card for $36,511 in personal expenses, which she later reimbursed—was not relevant to Thomas's state of mind, because

---

[1] Thomas does not raise a challenge to federal jurisdiction. While we have affirmed federal jurisdiction over offenses under 18 U.S.C. § 1163—*see United States v. Markiewicz*, 978 F.2d 786, 800 (2d Cir. 1992) ("Jurisdiction here is appropriate, as § 1163 clearly grants federal jurisdiction over Indian defendants who commit this crime against Indian victims on Indian territory.")—we have never had occasion to address whether 18 U.S.C. § 666(a)(1)(A) may be used to prosecute theft from an Indian tribal government receiving federal funds. The Eighth Circuit has, however, affirmed convictions obtained under the latter statute for individuals who stole from a tribal government. *See United States v. Pemberton*, 121 F.3d 1157 (8th Cir. 1997).

[2] Thomas is currently serving his term of incarceration.

Thomas was unaware, when he committed the charged misconduct, that Jones had used her card to pay for personal expenses.

## DISCUSSION

Thomas's sole claim on appeal is that the District Court abused its discretion and violated his due process rights by excluding this evidence at trial. A defendant has "a fundamental due process right to present a defense." *See United States v. Mi Sun Cho*, 713 F.3d 716, 721 (2d Cir. 2013) (per curiam). That right, however, is "not absolute, for a defendant 'must comply with established rules of procedure and evidence designed to assure both fairness and reliability.'" *Id.* (quoting *Washington v. Schriver*, 255 F.3d 45, 56 (2d Cir. 2001)). "Thus, a defendant does not have an unfettered right to offer testimony that is inadmissible under the rules of evidence." *Id.*

In light of the District Court's "superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice," *United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010), we will "not overturn the district court's decision to admit or reject evidence absent an abuse of discretion," *United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010).

Thomas concedes that the intent to repay funds is no defense to charges of theft or embezzlement.[3] He contends, however, that prior instances where he charged personal items to his card were relevant for another purpose—namely, to prove that he "lacked the requisite intent to commit the crimes with which he was charged." It is undisputed that the Tribe had an official policy prohibiting the use of the card to pay for personal expenses. Thomas asserts, however, that his prior conduct showed that, in practice, the Tribe permitted officials to charge personal items, so long as they subsequently reimbursed the cost. Thomas also claims that the personal charges and reimbursements of another tribal official, Jones, were relevant for the same reason—to show that "there existed a practice or policy within the Tribe to place personal expenses on the card so long as they were reimbursed." According to Thomas, the District Court—by excluding evidence of his and Jones's prior conduct—improperly prevented him from showing that he complied with the

---

[3] We have not yet had occasion to decide this issue squarely, but we have, in an unpublished opinion, quoted with approval the First Circuit's opinion in *United States v. Young*, 955 F.2d 99 (1st Cir. 1992), stating that "an intent to return money or property is not a defense to the charge of embezzlement." *United States v. Buckley*, Nos. 95-1469, 95-1505, 1996 WL 282140, at *2 (2d Cir. May 29, 1996) (quoting *Young*, 955 F.2d at 104) (internal quotation marks omitted). Other circuits have also so held. *See, e.g., United States v. Angelos*, 763 F.2d 859, 861 (7th Cir. 1985) ("[I]t is irrelevant to a charge of embezzlement that the embezzler intended to return the money he embezzled—or even that he did return it."); *United States v. Coin*, 753 F.2d 1510, 1511 (9th Cir. 1985) (per curiam) ("The intent to return property is not a defense to embezzlement, nor to misapplication of funds. Such crimes are complete when the misapplication or embezzlement occurs." (citations omitted)); *United States v. Cauble*, 706 F.2d 1322, 1354 (5th Cir. 1983) ("[U]ltimate restitution is not a defense to the crime of willful misapplication because the crime is complete at the time the misapplication occurs."); *United States v. Scheper*, 520 F.2d 1355, 1358 (4th Cir. 1975) ("If an employee knowingly appropriates his employer's money to his own use, he may be found guilty of embezzlement even though at the time he intended to return it."); *United States v. Acree*, 466 F.2d 1114, 1118 (10th Cir. 1972) ("The offense occurred and was complete when the misapplication took place. What might have later happened as to repayment is not material and could not be a defense."). However, because Thomas concedes that his purported intent to repay funds is not a defense to an embezzlement charge, we need not decide this issue.

3

Tribe's unwritten policy and that, thus, he lacked the requisite intent to violate either 18 U.S.C. § 666 or § 1163.

We find no error in the District Court's evidentiary rulings, much less an "abuse of discretion." *See generally In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion"); Joseph T. Sneed, *Trial-Court Discretion: Its Exercise by Trial Courts and Its Review by Appellate Courts*, 13 J. App. Prac. & Process 201, 207–08 (2012) (commentary by the late Judge Sneed, a former Dean of the Duke Law School, on the several possible meanings of "abuse of discretion"). Even if the evidence at issue was sufficient to establish that the Tribe, in practice, permitted its officials to charge personal expenses to their cards with subsequent reimbursement, such evidence would only have been relevant at trial *if* Thomas's conduct comported with that practice. Here, it is undisputed that Thomas *did not* reimburse the Tribe for any of the over $100,000 in personal expenses that he charged to his card between October 2007 and September 2009—despite the fact that he was not indicted until January 2013. Any evidence purporting to show that the Tribe's "practical policy" permitted its officials to make personal charges with subsequent reimbursement, or that Thomas had sporadically reimbursed the Tribe for personal expenses prior to the period charged in the indictment, was therefore irrelevant to Thomas's case. Moreover, the probative value of admitting evidence of this "practical policy" to the jury—only to have the evidence show that Thomas did not comply with that policy either—was substantially outweighed by the danger of confusing and misleading the jury as to the true issues at stake. As the District Court aptly stated in its oral ruling before trial:

> So it seems to me the question that is left—and I am persuaded that intent to repay is not a defense to embezzlement or willful misappropriation . . . . There is this tiny little sliver that seems to me perhaps ought to remain open . . . . I guess it's an alleged belief that the practice of charging and reimbursing was a legitimate tribal practice. *My little sliver disappears, though, when that's not what [Thomas] did. . . .* If the jury is to be focused on . . . [Thomas's] activity and whether the government proves it unlawful for Counts One, Two, and Three, *it doesn't seem to me that what he did in the past, but didn't do now, is going to have much probative value and has the potential for confusing the jury on what it is they're supposed to be focused on.* On the other hand, if . . . Thomas . . . had evidence that other tribal council members charged big ticket items, like $80,000 of limo services, and went years without repaying, that's getting closer in comparability. From what the government is saying, there isn't any such evidence.

App'x 70–71 (emphases added).

Because we agree with the District Court that the evidence at issue was not relevant to any fact of consequence, and that the purported probative value of that evidence was substantially outweighed by the danger of confusing and misleading the jury, we decline to reverse the District Court's ruling that the evidence was inadmissible under Federal Rules of Evidence 402 and 403.

4

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, Thomas's conviction and sentence are **AFFIRMED**.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court