**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MIKE RAHBARIAN; PAIMAN RAHBARIAN, Individually and as the Personal Representatives of the Estate of Fakhri Attar; VERA DAVYDENKO, On behalf of herself and as Guardian Ad Litem for N.R., a minor, and M.R., a minor, <br><br>        Plaintiffs-Appellants, <br><br>  v. <br><br> DANIEL CAWLEY; BRUCE SMALLWOOD, <br><br>        Defendants-Appellees. | No.   15-17288 <br><br> D.C. No.  2:10-cv-00767-TLN <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted April 19, 2017
San Francisco, California

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:     REINHARDT and TASHIMA, Circuit Judges, and MOLLOY,** District Judge.

Appellants Mike Rahbarian, the estate of his wife Fakhri Attar, their son Paiman Rahbarian, Paiman's ex-wife Vera Davydenko, and Paiman and Vera's minor children N.R. and M.R. (collectively, the "Rahbarians") filed suit under 42 U.S.C. § 1983 against two California Department of Motor Vehicles ("DMV") investigators, Daniel Cawley and Bruce Smallwood. The Rahbarians allege that Cawley and Smallwood, who conducted a search of the Rahbarians' homes and car-related businesses, violated their Fourth Amendment rights by, inter alia, omitting material facts from the affidavit submitted in support of the search warrant application, deceiving the state court judge who issued it. The district court granted summary judgment to the investigators on that claim. The Rahbarians now appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The warrant authorized a search for records and other evidence showing that the Rahbarians embezzled from Brasher's Sacramento Auto Auction ("Brasher's"). An arrangement between Brasher's and Suzuki of Sacramento ("SOS"), a car dealership owned by Shayan Rahbarian and managed by his brother Paiman

       **     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Rahbarian, provided that Brasher's would finance (floor) the purchase of vehicles from a manufacturer, those vehicles would be put up for sale at SOS, and SOS would pay Brasher's the proceeds if and when the vehicles were sold. The alleged embezzlement involved nonpayment for almost 200 vehicles financed by Brasher's that were either sold to customers or given to members of the Rahbarian family.

The Rahbarians contend that the investigators intentionally or recklessly omitted four material facts from the search warrant affidavit. To survive summary judgment on this claim, the Rahbarians "must make (1) a substantial showing of . . . reckless disregard for the truth, and (2) establish that but for the dishonesty, the challenged action would not have occurred." *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) (internal quotation marks omitted). We first address each alleged omission individually, and then consider the "cumulative[]" effect of the omissions "on the existence of probable cause." *See United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985).

## A.    THE OMISSIONS

**1.**    The affidavit failed to mention that SOS had copies of checks made out to Brasher's, which Brasher's never cashed, for some of the allegedly

embezzled vehicles.[1]  We agree that the Rahbarians made "a substantial showing" that omitting this evidence from the warrant application was at least "reckless." *See Butler*, 281 F.3d at 1025–26.  While the Rahbarians have no *direct* evidence that Cawley and Smallwood were aware of the uncashed checks, the investigators did have copies of SOS's bankruptcy records, including copies of the checks, in their possession at the time they applied for the warrant.  An investigator's reckless omission of information can be inferred if the information was contained in documents that he "possessed at the time he submitted his affidavit."  *Id.* at 1025.

This omitted evidence also affects the probable cause analysis because the checks tend to show that payment was tendered and therefore no embezzlement occurred.  *See Wilson v. Russo*, 212 F.3d 781, 790 (3d Cir. 2000) (noting that "[i]ndependent exculpatory evidence" may outweigh a probable cause determination that rests on other evidence).

**2.**    The affidavit also did not disclose that all of the vehicles listed in Attachment A were recovered by Brasher's, but this omission is immaterial.  Repossession would not have negated embezzlement, had it occurred.  *See United States v. Coin*, 753 F.2d 1510, 1511 (9th Cir. 1985) (holding that returning

---

[1]    The record contains documentary evidence that SOS gave checks to Brasher's for three of the twenty-three vehicles identified in the warrant affidavit, and about half of the total allegedly embezzled vehicles.

4

embezzled funds is not a defense to embezzlement because that crime is "complete when the . . . embezzlement occurs"). Nor would disclosure of the circumstances of repossession have weakened the probable cause analysis. The vehicles were found on the lot of Payless Car Rentals, owned by Mike Rahbarian. Although the Rahbarians explain that it was SOS's practice to store unsold SOS inventory on Mike Rahbarian's property, "innocent explanations for . . . odd behavior cannot eliminate the suspicious facts from the probable cause calculus." *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1024 (9th Cir. 2009). Moreover, DMV records showed that Payless Car Rentals had been registered as the *owner* of some of the subject vehicles, undermining SOS's story that Mike Rahbarian was merely storing them. Consistent with those records, Shayan Rahbarian admitted that SOS gave vehicles financed by Brasher's to Mike Rahbarian, purportedly as repayment for undocumented loans.

The Rahbarians correctly point out that the district court erred when it "purg[ed] the 19 repossessed cars" from the affidavit. On summary judgment, courts draw "[a]ll justifiable inferences" in favor of the non-moving party. *See McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009). Because the contents of Attachment A are in dispute, the district court was required to assume that Attachment A listed *only* the nineteen recovered vehicles, as the

Rahbarians claim. The error was harmless, however, for the reasons discussed above.

**3.** The affidavit also omitted that Brasher's, which provided the investigators with much of the evidence of embezzlement, had filed a civil suit against the Rahbarians. Cawley and Smallwood had "personal knowledge" of that litigation, and therefore "a reasonable factfinder" could infer that this omission was made "with at least a reckless disregard for the truth." *See Chism v. Washington*, 661 F.3d 380, 388 (9th Cir. 2011).

We conclude, however, that the civil litigation, had it been disclosed, would have had a minimal effect on the state court judge's probable cause analysis. Brasher's "was a citizen witness, not an informant, and such witnesses are generally presumed reliable." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009). Also, independent evidence provided "corroboration that the crime being investigated had actually occurred." *United States v. Ruiz*, 758 F.3d 1144, 1151 (9th Cir. 2014) (holding that corroborating evidence of a source's statements rendered immaterial evidence undermining that source's reliability). Specifically, Henry Moustafi, the business office manager of SOS, told the investigators that "SOS had failed to make payments to Brasher's for new vehicles floored by Brasher's and sold to retail customers." Other SOS employees told investigators

6

that "they engaged in subterfuges under the direction of Paiman Rahbarian . . . to conceal from Brasher's that cars had already been sold and were no longer in the [SOS] inventory."

4.      Although the Rahbarians argue that the affidavit improperly failed to disclose that Cawley and Smallwood already had access to some of the records for which they sought a search warrant, this fact was not omitted. The affidavit stated that the investigators had "received copies of SOS banking records and business checks from the bankruptcy trustee."[2]

## B.      MATERIALITY

To assess whether the omissions are material, we "determine[] whether the affidavit, once . . . supplemented [with the omitted facts], establishes probable cause." *Ewing*, 588 F.3d at 1224. As our above analysis shows, the affidavit should be supplemented to reflect that (1) SOS's records contained copies of three checks made out to Brasher's for the allegedly embezzled vehicles and a report indicating Brasher's received checks for approximately half of the 200 total

---

[2]      In addition to these four alleged omissions, the Rahbarians point to separate evidence that they believe shows that the investigators were biased in Brasher's favor, and therefore acted intentionally in omitting exculpatory facts from the affidavit. Because we have already concluded that the Rahbarians made a sufficient showing that each of the alleged omissions was at least reckless, we need not consider additional evidence of the investigators' states-of-mind.

vehicles at issue, and (2) that Brasher's was involved in litigation against the Rahbarians.

We conclude that an affidavit supplemented with this information would still "justif[y] issuance of the warrant." *Id.* On the critical point of whether SOS paid Brasher's, the supplemented affidavit would contain Brasher's statements and internal records showing that it was not paid for almost 200 vehicles, countered by SOS's records showing that it had tendered some payments and that checks for some of those vehicles had been received by Brasher's. Although the Rahbarians' documentary proof and the possibility of Brasher's bias would cast doubt on Brasher's representations and records, Brasher's was not the only source of evidence that no payments were made. Brasher's evidence was corroborated by statements from an SOS manager that "payments were not made [to Brasher's] for the new Suzuki vehicles," and that he had found "irregularities in the debt owed to Brasher's." Moreover, the Rahbarians do not allege – and the record does not indicate – that they paid for any of the nineteen vehicles included in Attachment A.[3]

---

[3] A Flooring Check Report in the record indicates that Brasher's received checks for only three of the four vehicles described in the body of the affidavit, and none of the nineteen vehicles listed in the attachment to the affidavit.

The supplemented affidavit would also contain the circumstantial evidence of embezzlement that was in the original affidavit, including DMV records showing that Payless Car Rentals was the registered owner of some vehicles financed by Brasher's but allegedly never paid for. Additionally, there was evidence that some vehicles financed by Brasher's were given to Mike Rahbarian as purported repayment for undocumented loans, and that other members of the Rahbarian family had received thousands of dollars from SOS accounts, also purportedly to repay undocumented loans, just before SOS filed for bankruptcy. Such evidence supports the theory that the Rahbarians were draining SOS of borrowed capital before filing for bankruptcy.

This circumstantial evidence, together with Brasher's records and the SOS manager's statements, give rise to a "fair probability" that evidence of embezzlement based on the nonpayment for vehicles financed by Brasher's would be found in the places identified in the warrant application. *See Garcia v. Cty. of Merced*, 639 F.3d 1206, 1211 (9th Cir. 2011) (internal quotation marks omitted).

**AFFIRMED.**